UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TERRELL, | No. 2:14-cv-2713 MCE AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CDCR, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.   Petition

In the instant petition, petitioner challenges his February 13, 2003 conviction for second degree robbery with sustained allegations of two prior convictions. ECF No. 1 at 1; Lodged Doc. No. 1 at 1; Lodged Doc. No. 2 at 1. Petitioner was sentenced to an indeterminate term of twenty-five years to life. ECF No. 1 at 1; Lodged Doc. No. 1 at 1. He alleges that his due process rights were violated by a sentencing error, that trial and appellate counsel were ineffective, and that he was subject to prosecutorial misconduct. ECF No. 1 at 5, 7-8, 10.

II.   Motion to Dismiss

Respondent moves to dismiss the petition as successive pursuant to 28 U.S.C. § 2244(b). ECF No. 16. He asserts that petitioner has previously filed five separate federal habeas petitions

1

challenging the February 13, 2003 conviction, the first of which was denied on the merits, and that petitioner has not obtained authorization from the Ninth Circuit to proceed on the instant petition. Id. at 9. Alternatively, respondent argues the petition should be dismissed as untimely. Id. at 9-14.

Petitioner opposes the motion and argues that the petition should not be considered successive because the legal issues are not complicated. ECF No. 21 at 2. He also argues that the prosecutor had insufficient proof that he had two prior offenses at the time of his conviction. Id. at 3.

### III.     Successive Petition

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. See Felker v. Turpin, 518 U.S. 651, 656-57 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). The district court has discretion either to transfer a successive petition to the court of appeals or to dismiss the petition. United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (§ 2255 case); Robinson v. Johnson, 313 F.3d 128, 139-40 (3rd Cir. 2002).

A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008)).

Petitioner previously challenged his conviction and sentence in Terrell v. Woodford, Case No. 2:07-cv-0784 MJP, which was denied on the merits on March 16, 2009. Lodged Docs. Nos. 71, 73. This court takes judicial notice of the record in that proceeding. United States v. Wilson,

1  631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other
2  cases."). The record in Terrell v. Woodford shows that both the district court and the Ninth
3  Circuit denied petitioner a certificate of appealability.[1]  Terrell v. Woodford at ECF Nos. 41, 47.
4      Respondent also claims that petitioner has twice been denied leave to file a second or
5  successive petition and supports this claim with Ninth Circuit docket reports. ECF No. 16 at 9;
6  Lodged Doc. Nos. 92, 93. A docket report is not an order and does not conclusively establish the
7  contents of the orders it references. However, the court has reviewed the orders in case numbers
8  11-70964 and 12-70094 on the Ninth Circuit's electronic database and confirmed that petitioner
9  has twice been denied leave to file a second or successive petition challenging his February 13,
10 2003 conviction.
11     Petitioner argues that his petition is not successive because the issues are not complicated
12 and the prosecutor did not have sufficient evidence of a second prior conviction. ECF No. 21 at
13 1-4. However, he does not deny that he has already filed multiple federal habeas petitions
14 challenging the conviction at issue in this case, that his first petition was denied on the merits, or
15 that his subsequent petitions were dismissed as successive. Petitioner also does not establish that
16 he has received permission from the Ninth Circuit to file the instant petition. Because petitioner
17 has "brought claims contesting the same custody imposed by the same judgment of a state court"
18 without first having obtained the requisite authorization from the Court of Appeals, this court
19 cannot entertain the petition. Burton, 549 U.S. at 153. Should petitioner seek to proceed on the
20 merits, he must first obtain authorization from the Ninth Circuit Court of Appeals.
21   IV.    Conclusion
22     For the reasons set forth above, the petition must be dismissed as an unauthorized
23 successive petition. Because the petition is being dismissed on these grounds, the court does not
24 reach the timeliness issue.

---

[1] Petitioner proceeded to file four additional petitions challenging his February 13, 2003 conviction which were all denied as successive. See Lodged Docs. Nos. 75, 77, 78 (Terrell v. McDonald, Case No. 2:11-cv-2095 KJM EFB); Lodged Docs. Nos. 79, 81, 82 (Terrell v. McDonald, Case No. 2:11-cv-2119 JAM JFM); Lodged Docs. Nos. 83, 85, 86 (Terrell v. McDonald, Case No. 2:12-cv-1988 KJM CKD); Lodged Docs. Nos. 87, 89, 90 (Terrell v. Barons, Case No. 2:12-cv-2895 GEB AC).

V. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition should be dismissed on procedural grounds, as in this instance, a certificate of appealability "should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This court finds that no jurists of reason would find it debatable that the petition is successive and a certificate of appealability should not issue.

VI. Summary

This court cannot consider a petition challenging a conviction it has already looked at unless the petitioner gets permission from the Ninth Circuit Court of Appeals to file a second or successive petition. This court has already considered challenges to petitioner's February 13, 2003 conviction in another petition. Petitioner did not get permission from the Ninth Circuit to file a second or successive petition challenging his February 13, 2003 conviction. Because petitioner did not get permission from the Ninth Circuit to file this petition, the court cannot consider it and it must be denied.

Petitioner may re-file his federal petition only after he gets permission from the Ninth Circuit Court of Appeals. If he gets permission, he should file a copy of the Ninth Circuit's order allowing him to file a second or successive petition when he re-files the petition.

The court will recommend that a certificate of appealability not be issued because reasonable jurists would not find it debatable that this petition is successive.

In accordance with the above, IT IS RECOMMENDED that

1. Respondent's motion to dismiss (ECF No. 16) be granted and the petition be dismissed as successive.

////

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE